**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

John Silva


         v.                              Civil No. 08-cv-009-JL


Richard Gerry, Warden,
New Hampshire State Prison


## O R D E R

Before the Court is John Silva's petition for a writ of habeas corpus.  The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the Court

construes pro se pleadings liberally, however inartfully pleaded.
See <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200
(2007) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and
<u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972) to construe pro se
pleadings liberally in favor of the pro se party).  "The policy
behind affording pro se plaintiffs liberal interpretation is that
if they present sufficient facts, the court may intuit the
correct cause of action, even if it was imperfectly pled."  <u>See</u>
<u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (noting that
courts may construe pro se pleadings so as to avoid
inappropriately stringent rules and unnecessary dismissals of
claims); <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).
All of the factual assertions made by a pro se plaintiff and
inferences reasonably drawn therefrom must be accepted as true.
<u>See</u> <u>id.</u>  This review ensures that pro se pleadings are given fair
and meaningful consideration.

<u>Background</u>

On January 26, 2005, Silva was convicted, after a jury
trial, of felony sexual offenses.  On April 1, 2005, Silva was
sentenced to 10 – 20 years in the New Hampshire State Prison.  He
is presently serving that sentence.  On April 27, 2005, Silva

filed a motion to clarify his sentence, which was granted on May 27, 2005.

Silva alleges in his petition that, despite his desire to appeal his conviction, his trial counsel, who had been retained by Silva, did not file a notice of appeal and did not advise Silva of his right to seek court-appointed appellate counsel. Instead, Silva's attorney advised Silva's family members, who had promptly inquired regarding Silva's appellate rights upon his conviction, that an appeal would likely be futile, and could even be harmful, and that it would cost $15,000 to file the appeal documents. Silva's family members, knowing that Silva wished to pursue an appeal, attempted to raise the money for an appeal but were unable to do so. As a result, Silva's attorney took no further action on the case and no direct appeal was filed.

Upon learning from other prison inmates that he had a right to court-appointed appellate counsel, Silva filed a motion in the New Hampshire Supreme Court ("NHSC") on December 8, 2005 seeking permission to file a late notice of appeal. The State of New Hampshire objected to the motion on the grounds that the proper relief to pursue in Silva's situation was a new trial or a writ of habeas corpus in the Superior Court. On May 17, 2006, the

NHSC denied Silva's motion without prejudice to Silva seeking appropriate relief in the Superior Court.  Believing, based on that order, that he had filed his motion in the wrong court, Silva immediately filed a motion to file an untimely appeal and a new trial in the Superior Court.  On February 9, 2007, the Superior Court granted Silva's motion to file an untimely notice of appeal and directed Silva to file his notice of appeal in the NHSC by March 11, 2007, but did not rule on Silva's new trial motion.

On February 23, 2007, Silva filed a motion in the NHSC, through new counsel, seeking to extend the deadline for filing a notice of appeal so that a transcript of the trial could be obtained, as Silva's attorney was unaware at that time what issues had been preserved for appeal.  The State of New Hampshire objected, raising as grounds that the Superior Court had no authority to grant Silva's motion to file an untimely notice of appeal, and that only the NHSC could grant that relief.  The State's objection reiterated that the appropriate relief for Silva to seek would be collateral review of the conviction through a new trial motion or petition for a writ of habeas corpus filed in the Superior Court.  On March 14, 2007, the NHSC

4

denied Silva's motion on the grounds raised in the State's objection.  The NHSC declined Silva's notice of appeal on August 16, 2007.  Silva filed a motion to reconsider on August 27, 2007.  The motion to reconsider was denied on October 1, 2007.

Silva now files this petition for a writ of habeas corpus, alleging that his conviction and sentence violate his federal constitutional rights in the following ways:[1]

1.   Silva received either ineffective assistance of counsel, or was entirely deprived of counsel, during his appeal, a critical stage of his criminal proceedings.  This violated his Sixth and Fourteenth Amendment rights to counsel; and

2.   Silva was denied his right to appeal his criminal conviction, in violation of his Due Process rights, protected by the Fourteenth Amendment, in that the trial court denied him a new trial on the basis of the deprivation of his right to counsel.

To be eligible for federal habeas relief, Silva must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see Duncan v. Kennedy, 513 U.S. 364, 365 (1995) (per curiam).  Silva satisfies the first

---

[1]The claims raised by Silva, as identified here, shall be considered to be the claims raised in this petition for all purposes.  If Silva objects to this identification of his claims, he must do so by properly moving to amend his petition.

requirement as he is currently serving his prison sentence and is thus in custody.

The Court further finds that Silva satisfies the second requirement that state court remedies be exhausted.  A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v.Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27 (2004) (citing Duncan, 513 U.S. at 365-66 (requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)).  In order to fairly present his claim in the state courts, Silva need only provide the state courts with one full opportunity to pass upon the federal question presented.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  I find that Silva, by raising his claims, including the

federal nature of the claims, in the NHSC, has fairly presented
the issue to that court for consideration.  Silva has, therefore,
exhausted the claim in the state courts.

Accordingly, the Court orders that the petition be served
upon Respondent, who shall file an answer or other pleading in
response to the allegations made therein.  <u>See</u> § 2254 Rule 4
(requiring reviewing judge to order a response to the petition).
Service shall be completed by mailing to the New Hampshire Office
of the Attorney General, which is the prison's attorney, by
certified mail, return receipt requested, copies of this Order
and the habeas petition (document no. 1) and attachments thereto.

Respondent shall answer or otherwise plead within thirty
(30) days of the date of this Order.  The answer shall comply
with the requirements of § 2254 Rule 5 (setting forth contents of
the answer).

Upon receipt of the response, the Court will determine
whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing
circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires
that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service
is to be made by mailing the material to the parties' attorneys.

    **SO ORDERED.**

                              _James R. Muirhead_____

                              James R. Muirhead
                        United States Magistrate Judge

Date:       April 1, 2008

cc:         Michael J. Sheehan, Esq.

8